IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20999
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IBRAHIM MOHAMMED EL ETER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-244-1
--------------------

September 29, 1999

Before SMITH, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ibrahim Mohammed El Eter (El Eter) argues that the evidence presented at his trial was not sufficient to support his convictions for making false material statements to representatives of the Immigration and Naturalization Service (INS) in connection with his applications to become a naturalized citizen.  El Eter also argues that the evidence was insufficient to support his convictions for possession of an unlawfully obtained identification document with the intent to defraud the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States and with using the unlawfully obtained document to obtain a passport and a visitor's visa.

There was substantial evidence to show beyond a reasonable doubt that El Eter received a naturalization certificate as a result of providing false information about his marital union and by misrepresenting his criminal history during the application process. The evidence established that El Eter swore under oath in the presence of INS officers that Perfecta Bernal was living with him until the time of his naturalization in 1993, contrary to the testimony of Bernal, her sister, and El Eter's girlfriend, Shelley Fox. There was also evidence presented that El Eter indicated to state officials that he had been separated from Bernal during the relevant three-year period.

El Eter further argues that the evidence was insufficient to support his conviction for falsely stating in his naturalization application that he had not knowingly committed any crime for which he had not been charged or arrested. In his 1995 judicial confession in support of his guilty plea to tampering with government records, El Eter admitted that on December 1, 1992, he "intentionally and knowingly with intent to defraud and harm another, made a false entry in a governmental record."

An exhibit attached to the judicial confession reflected that El Eter in his December 1992 application for a Texas certificate of title on an automobile had represented that the purchase price for his vehicle was $2700. Also attached to the judicial confession was a proof-of-loss claim prepared in June 1993, in which El Eter stated that he had paid $13,600+ for the

vehicle. El Eter's argument that the undated proof-of-loss claim was not prepared until June 1993 and, thus, the crime had not been completed when he applied for naturalization in May 1993 has no merit. El Eter again stated in the questionnaire that he completed immediately prior to his naturalization in November 1993 that he had not committed a crime. This evidence was sufficient to prove that El Eter made false statements about his prior criminal activity in his applications for citizenship.

Viewing the evidence in the light most favorable to the Government, there was substantial evidence to show beyond a reasonable doubt that El Eter acted with specific intent in making false material statements under oath to a representative of a Government agency. See United States v. Cardenas, 9 F.3d 1139, 1156 (1993); 18 U.S.C. § 1001.

El Eter also argues that the evidence was insufficient to support his conviction for knowingly possessing an unlawfully issued identification document, a United States certificate of naturalization, with the intent to defraud the United States. He also argues that because the evidence was insufficient to show that he fraudulently obtained the naturalization certificate, the Government failed to prove that he used a fraudulent document to obtain a passport and visitor's visa.

As previously discussed, the Government proved beyond a reasonable doubt that El Eter's naturalization certificate was obtained based on his fraudulent statements. The evidence also showed that he used the certificate to obtain a passport and a visitor's visa. Viewing this evidence in the light most

favorable to the Government, it showed beyond a reasonable doubt that El Eter possessed an unlawfully obtained document with the intent to defraud the United States and that he used the certificate to obtain a passport and visitor's visa.  <u>See</u> 18 U.S.C. §§ 1028(a)(4), 1542.

The evidence was sufficient to support El Eter's convictions on all four counts charged.  His convictions are AFFIRMED.